IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRYON K. CHAMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-307-SMY |
| | ) | |
| | ) | |
| BREE BARNETT, | ) | |
| and CHARLIE SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bryon K. Champ, currently a pretrial detainee at Winnebago - WCY, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was a pretrial detainee at Chester Mental Health Facility ("Chester"). Plaintiff alleges Defendants were deliberately indifferent in skipping a dose of his Dilantin. He asserts claims under the Fourteenth Amendment and seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff suffers from a generalized seizure disorder which is controlled with Dilantin. He has taken Dilantin since 2003; always at the same dosage. On April 7, 2018, Plaintiff went to the med-line for his Dilantin. LPN Bree Barnett informed Plaintiff that his Dilantin levels were too high based on his recent bloodwork and that Dr. Charlie Smith discontinued his Dilantin because of his levels. Plaintiff never saw the bloodwork report for his Dilantin levels nor did he see Dr. Smith to discuss his levels. Plaintiff wrote a grievance that day regarding his Dilantin prescription. The next day, Plaintiff was provided his regular dose of Dilantin. He continued to receive his Dilantin until he transferred from Chester. Plaintiff believes that his dosage should have been decreased if his levels were too high rather than discontinued altogether. He feared that he might have a seizure due to his missed dosage. He had dizziness and his head hurt that day.

Based on the allegations in the Complaint, the Court finds it convenient to designate a single Count in the *pro se* action:

> **Count 1:** **Bree Barnett and Charlie Smith were objectively unreasonable in deciding to discontinue Plaintiff's Dilantin in violation of the Fourteenth Amendment.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

As Plaintiff was a pretrial detainee, his claim arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013); *Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir. 2000). An objective reasonableness standard – not deliberate indifference – applies to medical claims under the Fourteenth Amendment's Due Process Clause. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)).

The objective reasonableness standard has two elements. The first element focuses on the intentionality of the defendant's conduct and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id*. (quoting *Miranda*, 900 F.3d at 353). Neither negligence nor gross negligence satisfies this element. *Id.* With respect to the second element, looking at all of the facts and circumstances before the defendant, a court must determine whether the response was reasonable, without taking into account "any subjective belief held by the individual." *McCann*, 909 F.3d at 886; *See also*, *Miranda*, 900 F.3d at 354.

According to the Complaint, one dose of Plaintiff's Dilantin was skipped because the Dilantin levels in his blood were too high. He was provided with his regular dosage the next day. There are no allegations suggesting that Barnett or Smith skipped the dosage with "purposeful, knowing, or reckless disregard of the consequences." Instead, the allegations indicate that Smith based his decision on Plaintiff's blood test results and he instructed Barnett to discontinue the medication. Nothing in the Complaint suggests that skipping a single dose was objectively unreasonable. As such, Plaintiff's Complaint fails to state a viable claim.

Plaintiff also identifies the Department of Social Services in the caption of his Complaint (Doc. 1, p. 1) and in a single sentence in the statement of his claim states, "claim (monell) Dept of Social Services". (*Id*. at p. 12). He makes no allegations against the Department of Social Services. A *Monell* claim requires that the alleged constitutional violation result from a policy or custom. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690 – 91 (1978). Plaintiff has not alleged any policy or custom that resulted in his missed dose of Dilantin. Therefore, to the extent Plaintiff attempts to assert a claim against the Department of Social Services, that claim will also be dismissed for failure to state a claim.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 28, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the

First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff was previously **ORDERED** to submit his filing fee or file a motion to proceed without prepayment of the filing fee within thirty (30) days. (*See* Doc. 2).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 5/31/2019**

                                                */s/ Staci M. Yandle*
                                                **United States District Judge**