# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON K. CHAMP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-307-SMY ) ) |
| BREE BARNETT, and CHARLIE SMITH, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bryon K. Champ, currently a pretrial detainee at Winnebago – WCY, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional while he was a pretrial detainee at Chester Mental Health Facility ("Chester"). Plaintiff's original Complaint (Doc 1) alleged a single Count against Bree Barnett and Charlie Smith for improperly discontinuing his seizure medication for a single day. The Court dismissed Plaintiff's original Complaint for failure to state a claim and Plaintiff was given leave to amend. (Doc. 12). In the First Amended Complaint (Doc. 13), Plaintiff again alleges that Barnett and Smith improperly withheld a single dose of his seizure medication.

This matter is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in his First Amended Complaint: On August 7, 2019, while Plaintiff was in the med-line at Chester, Barnett refused to give Plaintiff his seizure medication, Dilantin. (Doc. 13, p. 8). Barnett informed Plaintiff that Smith had determined that Plaintiff's Dilantin levels were too high based on recent blood work and that he was not allowed his medication. (*Id.*). Plaintiff did not have a follow-up meeting with Smith, nor was he provided the results of his blood work. His Dilantin was discontinued for one day. Plaintiff believes his Dilantin should have been reduced rather than entirely discontinued. Plaintiff suffered headaches and dizziness but was not provided with any pain medication. (*Id*. at p. 9).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following single Count in the *pro se* action:

> **Count 1:** **Bree Barnett and Charlie Smith were objectively unreasonable in deciding to discontinue Plaintiff's Dilantin in violation of the Fourteenth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

## Discussion

Plaintiff again fails to state a claim against Barnett and Smith. Plaintiff repeats the allegation that he was denied one dose of his Dilantin because the levels in his blood were too high and that his dosage was continued the next day. The Court previously found that allegation insufficient to state a claim. Additionally, Plaintiff now alleges that Smith did not have a follow-up appointment with him to discuss his Dilantin levels or his dosage and Barnett did not schedule an appointment with Smith to discuss Plaintiff's dosage. (Doc. 13, p. 9). These additional facts do not make Plaintiff's claim viable. At most, the decision to completely discontinue Plaintiff's Dilantin for one day rather than slowly reduce the medication (as Plaintiff believes was the proper procedure) amounts to negligence, which is not enough to meet the standard of objective unreasonableness. *McCann v. Ogle City, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018).

Plaintiff also alleges that he suffered from headaches and dizziness as a result of the discontinued medication but was not provided with any pain relief. However, there is no indication in the First Amended Complaint that he informed anyone about his dizziness or pain. Thus, Plaintiff does not allege that the defendants purposefully, knowingly, or even recklessly denied him pain medication.

This is Plaintiff's second unsuccessful attempt to state a viable claim against Charlie Smith and Bree Barnett, and at this point, the Court finds that any additional amendment would be futile. Accordingly, the First Amended Complaint and this action will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Gris*som, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

**Disposition**

Plaintiff's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted**.** This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/24/2019**

*/s/ Staci M. Yandle*
**United States District Judge**